**C. V. HILL & CO., Inc. v. WEBER SHOW-CASE & FIXTURE CO., Inc.**

**WEBER SHOWCASE & FIXTURE CO., Inc., v. C. V. HILL & CO., Inc.**

**Nos. 11274, 11275.**

United States Court of Appeals Sixth Circuit.

Dec. 10, 1951.

John H. Sutherland, St. Louis, Mo. (John H. Sutherland, St. Louis, Mo., Albert Sperry, Trenton, N. J., Theodore Greve, Cincinnati, Ohio, on the brief), for C. V. Hill & Co., Inc.

Lewis E. Lyon, Los Angeles, Cal., Albert F. Mecklenburger, Chicago, Ill. (Lewis E. Lyon, Los Angeles, Cal., Albert F. Mecklenburger, Chicago, Ill., Truman A. Herron, Cincinnati, Ohio, on the brief), for Weber Showcase & Fixture Co., Inc.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

. This appeal and cross-appeal arise out of an action for patent infringement brought by the plaintiff,[1] assignee of patent 2,382,-937, issued to J. B. Caulk, Jr., and others on August 14, 1945, for open refrigerated display case, and also for infringement of design patents D–132,475, and D–144,380, dated May 19, 1942 and April 9, 1946, respectively, for designs for "Self-serve Display Case." A counter-claim for infringement was filed by the defendant, assignee of patent 2,083,442, issued June 8, 1937 to Levi C. Gardner, for "Humidifying Display Cabinet."

The court found that the design patents had not been infringed, but did not rule upon their validity. It dismissed both the action and the counter-claim, holding all claims of the Caulk-Davis patent and claim No. 1 of the Gardner patent invalid for the same reason, namely, for lack of invention in view of the prior art.

We think the decision of the District Court is correct on all phases of the case. The problem to be solved in the Gardner and Caulk-Davis patents, proper refrigeration in an open cabinet for the display of food, among other things required retention of the chilled air in the cabinet instead of dissipating it into the room. It was claimed to be solved in each instance by a two-membered flue, the purpose of which was to conduct the cold air in a continuous cycle from the refrigerating coils through the material to be refrigerated and back to the refrigerating coils without spillage of the cold air out of the open cabinet. Both the Caulk-Davis patent and the Gardner patent disclose structures with a refrigerating unit or coils located behind means which are claimed to direct the flow of the cold air in the cycle desired.

Plaintiff states that the gist of the invention in the Caulk-Davis patent is that front and rear baffles are inclined

---

1. The parties will be designated as in the court below.

rearwardly, thus acting as a flue or funnel which reduces the area of the passageway containing the air descending from the coils and directs it in continuous circulation back to the refrigerating unit. However, the specifications of Caulk-Davis state that the rear baffle, now claimed to be essential, "serves primarily as a drip catcher to divert the drip to the rear of the case, away from the merchandise" and also that "The apparatus will function without the rear baffle." Defendant contends that two baffles are disclosed in the Gardner patent (which antedates Caulk-Davis) but Gardner describes one of these as a "damper between the unit and the baffle coacting with the baffle in forming a flue to continuously circulate cold air from the unit upwardly through the bin and to the top of the unit." The damper is further described in the Gardner specifications as being hinged at the bottom, thus indicating the ordinary valvelike action of a damper rather than the action of a baffle. These contradictory or inconsistent specifications describing part of the precise means in each patent in which invention is asserted to reside support the view that neither patent discloses the invention asserted. However, assuming that the specifications are entirely consistent with the claims, the District Court's holding as to both patents must be affirmed because of lack of patentable invention.

This record establishes without contradiction that the control and direction of air currents are old in the refrigeration art. In 1894, Belding Mfg. Co. v. Challenge Corn Planter Co., 152 U.S. 100, 14 S.Ct. 492, 38 L.Ed. 370, discussed an earlier case, Roberts v. Ryer, 1875, 91 U.S. 150, 23 L.Ed. 267, which involved two conflicting patents, the Lyman patent and the Sanford patent, for refrigerators with passages for directing the downflow and the upflow of air. In the Lyman patent a partition was provided dividing the refrigerator into two compartments, in one of which the air passed downward only and in the other upward only. As the court commented, "Each called for the circulation of air, and each obtained it substantially by the same device. They each passed the air cooled in the ice-box through convenient openings downwards in one apartment, and upwards through the other."

Moreover, the two-membered flue was old in the art. Defendant's expert testified, "I make no claim that a flue for conveying refrigerated air is new. It's old." The illustrations of the development are to be found in several patents in evidence. Monette, 985,620, issued 1911, for a refrigerator counter, shows cold air passing from the main chamber of the showcase into a base air duct through which it flows into a "vertical flue" and discharges in the top of the coil chamber, producing, as Monette says, "an automatic circulation of air."

In Teasley, 1,829,024, issued 1931, there are deflector plates located on opposite sides of a brine tank spaced a short distance from the sides of the tank, and the spaces between the plates and the tank "serve as passages through which the air passes during the circulation."

Longstreth, 1,967,058, issued 1934, discloses a passageway beneath the cooling coil which is provided with deflector plates that serve to intercept the water. Located beneath the coil are inclined baffle plates which direct the air so that it "must follow a zigzag course."

In Loblaw, 1,563,577, issued 1925, claim 1 includes a "flue containing refrigerating coils" located at the back of the refrigerator chamber, by which "warm air in the top of the chamber passes to the rear into the flue, is cooled, drops down, flows to the front, and is deflected rearwardly towards the upper end of the flue." The District Court found that this was a flue-type structure. Refrigerating cases built under the Loblaw patent were used successfully and extensively in the Loblaw stores from 1927 on. Some of them are still in operation. It was within the expected skill of the art that direction of airflow so long achieved should be improved so that chilled air from an electric refrigerating coil should be returned to the refrigerating unit. The advance made in Caulk-Davis and Gardner over the prior art was a difference in degree and not in kind.

The judgment must also be affirmed as to the design patents. It was not shown that any customer had been misled by the claimed likeness in appearance of the Caulk-Davis and Gardner devices. The photographs in evidence reveal no similarity that is not usual in refrigerating cases. The District Court, which had the benefit of visual inspection of the various exhibits, found that no infringement existed.

The judgment is affirmed.